Argued May 6, affirmed October 2, 1968

SNIDER, *Appellant, v.* SNIDER, *Respondent.*

445 P. 2d 134

*Carl G. Helm,* La Grande, argued the cause and filed briefs for appellant.

*Charles R. Cater,* La Grande, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

McALLISTER, J.

The plaintiff, Dick Snider, appeals from an order granting custody of his three minor children to their mother, the defendant, Carol Snider Rushing.

The parties were married in 1952 and three children were born to the marriage, a boy, now 14, and two girls, now 12 and 10 years of age. In 1959 plaintiff was stricken with polio and since has been almost completely paralyzed below the neck. He requires continuous care for his own physical needs.

In May, 1961, plaintiff was granted a divorce from defendant by a decree which, at his prayer, gave custody of the children to defendant. The parties then lived in La Grande. Defendant moved to Portland, where she has since lived. In 1961 defendant was married to Howard Rushing, and had one child by that marriage, a boy now about six years old. Defendant and Rushing have been separated for several years and the boy lives with defendant.

The Snider children lived with their mother in Portland until 1965, with some visits in the interim to La Grande, where they stayed with plaintiff's parents. In February, 1965, defendant, who works as a waitress, was temporarily unemployed and unable to care for her children. She arranged with plaintiff's mother to send the children to La Grande until defendant was able to again care for them.

While the children were still in La Grande, plaintiff, on August 13, 1965, moved the court to modify the divorce decree by giving him custody of the children. The motion was served on the attorney who had represented the defendant in the divorce proceeding some four years earlier, but was not served on defendant, who apparently had no notice that the motion had been filed. On November 29, 1965, an order was entered by default granting plaintiff custody of the children. Thereafter defendant moved to vacate the order of November 29, 1965, and also moved in

the affirmative for an order restoring custody of the children to her.

The motion to vacate the order of November 29, 1965, was denied by the judge who had entered that order. The defendant's motion to restore custody of the children to her was heard by another judge. On May 2, 1967, the court entered an order modifying the decree of divorce by awarding custody of the children to defendant. We have carefully reviewed the record and affirm. We agree with the trial judge that the children will be better off in the custody of their mother.

The plaintiff, relying on the custody order taken by default on November 29, 1965, argues that there has been no change in circumstances since that date to warrant another change in custody. We need not consider the validity of the November 29, 1965 order. We find ample change in circumstances. In 1965 plaintiff was living in a hospital in La Grande, and the children were being cared for by his parents. At the time of the hearing in the court below, plaintiff was married to a young lady about 21 years of age, who as a nurse's aide had cared for plaintiff at the hospital. In the meantime there had been some impairment in the health of plaintiff's mother.

About three weeks after the hearing plaintiff and his wife, together with the children, had moved into a small home of their own. There the wife was undertaking to care for her paralyzed husband, and also rear his three children. The trial judge visited that home when he went there to hear plaintiff's testimony. After hearing the testimony and seeing all the witnesses, including the parties, the trial court decided that the children would be better off with their own mother, whose fitness to raise her children had not

been questioned. Assuming the validity of the November 29, 1965, order, the circumstances had sufficiently changed since that date to warrant a change in custody.

The decree is affirmed, without costs in this court to either party.